UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00166-FDW-DSC

| | |
|---|---|
| KEEFE BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| LITTLER LAW FIRM, WALMART-1464, ) | |
| and WALMART-0585 ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on initial review pursuant to an order entered by the Court on September 9, 2011 (Doc. No. 4). Due to administrative oversight, the Court recently discovered it had failed to conduct such initial review.[1] Upon discovering this fact, the Court immediately reviewed the Complaint, and this Order now follows. For the reasons stated below, Plaintiff's Complaint cannot withstand initial review and must be dismissed. In light of the Court's delay, however, the Court will dismiss the Complaint WITHOUT PREJUDICE.

Because Plaintiff is proceeding *in forma pauperis*, under 28 U.S.C. § 1915(e)(2), the district court must dismiss a case when the action is frivolous or malicious, fails to state a cognizable claim for relief or seeks monetary damages from a defendant who enjoys immunity from such relief. § 1915(e)(2)(B)(i)(ii) & (iii). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a *pro se* complaint must be construed liberally,

---

[1] The Court notes that at no time has Plaintiff contacted the Court to inquire as to the status of initial review or of this case.

1

Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (noting the plaintiff's complaint "fails to allege anything that even remotely suggests a factual basis for the claim"). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Here, Plaintiff submitted a form complaint attempt to assert claims for race discrimination under 42 U.S.C. § 20003(5) and 42 U.S.C. § 1981. Plaintiff, however, failed to complete important information on this form complaint, including the identification of "the address at which I sought employment or was employed by the defendant(s)" (Doc. No. 1, p. 2).

Furthermore, in what the Court deems fatal to initial review, Plaintiff wholly failed to identify any facts in support of the two listed causes of action for discrimination and "tax fraud + wages withheld." (Doc. No. 1, p. 4). In order to support the two specified causes of action, Plaintiff must allege facts sufficient to state a plausible claim for relief. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Furthermore, under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." The elements required to state a

claim under both § 1981 and Title VII are the same. Spriggs v. Diamond Auto Glass, 242 F.3d 179, 181 (4th Cir. 2001). Plaintiff must allege that: (1) she is a member of a class protected under Title VII; (2) she was qualified for her job and her performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) she was treated more severely than other similarly-situated individuals who are not members of the protected class. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). Plaintiff fails set forth facts to show any of the requisite elements to support these claims for relief. Indeed, Plaintiff's complaint is devoid of any facts at all surrounding this action.

In sum, Plaintiff's Complaint clearly fails to allege facts to set forth a claim that is cognizable under federal law. See Weller, 901 F.2d at 391. Accordingly, the Complaint is DISMISSED.

IT IS THEREFORE ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim. The Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: September 24, 2013

Frank D. Whitney
Chief United States District Judge