UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00166-FDW-DSC

| | |
|---|---|
| KEEFE BROWN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LITTLER LAW FIRM, WALMART-1464, )<br>and WALMART-0585 )<br>)<br>Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on motion by Latrice Brown, the spouse of the now-deceased Plaintiff, requesting this Court to reopen this matter and substitute her as a party (Doc. No. 8). Following initial review of the Complaint pursuant to 28 U.S.C. § 1915, the Court entered an Order dismissing the complaint in this matter, on September 24, 2013. Mrs. Brown filed the motion at bar December 20, 2013, and subsequently submitted exhibits on January 9, 2014, (Doc. No. 9), which consist of a favorable decision on disability by the Social Security Administration, as well as numerous medical documents related to Plaintiff's medical treatment.

As an initial matter, it appears as though Mrs. Brown could serve as a successor personal representative in this case. Pueschel v. Veneman, 185 F. Supp. 2d 566, 571-72 (D. Md. 2002) ("[I]t would seem clear that if [the deceased] effectively exhausted her administrative remedies, given the availability of a damages remedy for violations of Title VII, and provided that neither party is unfairly prejudiced by [the deceased's] death, a Title VII claim pressed by the personal representative of a deceased former employee may be adjudicated.") (citing Collins v. Village of Woodridge, 96 F.Supp.2d 744 (N.D.Ill.2000) (sex discrimination and sexual harassment claims

1

asserted by estate of deceased former employee); <u>Kulling v. Grinders for Indus., Inc.</u>, 115 F.Supp.2d 828, 839 (E.D.Mich.2000) (age discrimination claims asserted by estate of a deceased former employee).  Nevertheless, the Court has reviewed both the motion and the exhibits and finds insufficient reason to reopen this case.  The submitted documents do not save Plaintiff's failure to allege facts to set forth a claim that is cognizable under federal law.  Put another way, even if these documents were attached to the original complaint, the Court still would have dismissed the complaint on initial review.

IT IS THEREFORE ORDERED that Mrs. Brown's Motion (Doc. No. 8) is DENIED.

IT IS SO ORDERED.

Signed: April 9, 2014

Frank D. Whitney
Chief United States District Judge